IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TANYA BROWN**                                                                                  **PLAINTIFF**

V.                                          **4:24CV001098 JM**

**BILLY RAY BIGGS, Individually and in his**
**Official Capacity, AREA AGENCY ON AGING**
**OF SOUTHEAST ARKANSAS, INC.**                                       **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendants' motion to dismiss. (Docket # 5). Plaintiff has filed a response and Defendants have filed a reply. The motion is ripe for consideration.

On December 13, 2024, Plaintiff Tanya Brown (Plaintiff) filed her Complaint against Defendants, asserting claims of race and age discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 et seq. (Title VII); 42 U.S.C. § 1981, the Fourteenth Amendment of the United States Constitution; and 28 U.S.C. § 2201.

Defendants argue that Plaintiff failed to plead sufficient facts to support her claims and ask that the complaint be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants argue that Plaintiff cannot bring a Title VII claim against Biggs individually or in his official capacity. Further, Defendants argue that Plaintiff cannot pursue an age discrimination claim under Title VII or under Section 1981.

<u>Standard of Review</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what

the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Twombly,* 550 U.S. at 556.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27(1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

Discussion

In her response, Plaintiff withdraws her claims based on age or gender discrimination and withdraws her claims against Billy Ray Biggs in his individual capacity. Plaintiff did not respond to the Defendants' motion to dismiss the official capacity claims against Billy Ray Biggs or the 14th Amendment claims. If a party does not refute the opposing party's argument, then it is deemed a concession. *See, e.g., Stepps v. Bd. of Trustees of Univ. of Arkansas*, No. 4:21-CV-00986-LPR, 2022 WL 4086647, at

\*4 n.45 (E.D. Ark. Sept. 6, 2022) ("Defendants concede this point by failing to argue it."); *Xenia Rural Water Dist. v. City of Johnston, Iowa*, 467 F. Supp. 3d 696, 704 (S.D. Iowa 2020) When a plaintiff fails to defend or pursue a claim in response to a motion to dismiss or summary judgment, the claim is deemed abandoned. *Fam. Dollar Stores of Missouri, LLC v. Tsai's Inv., Inc.*, No. 4:21-CV-572-SRW, 2022 WL 355109, at \*14 (E.D. Mo. Feb. 7, 2022). *See also*, *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss) (citation omitted); *Culkin v. Walgreen Co.*, No. 4:05-CV-1859-ERW, 2006 WL 839195, at \*1 (E.D. Mo. Mar. 27, 2006) ("Plaintiffs did not respond to Defendant's arguments regarding Count II. Thus, without addressing the merits of Defendant's arguments, this Court finds that Plaintiffs have abandoned their claim of general negligence against Defendant."); *Lipov v. Louisiana-Pac. Corp.*, No. 1:12-CV-439, 2013 WL 3805673, at \*4 (W.D. Mich. July 22, 2013) ("Plaintiff did not respond to Defendant's challenge to Count II, and this Court construes the omission as evidence of Plaintiff's intent to abandon this portion of his claim in Count II."). Because Plaintiff did not respond to Defendants' motion to dismiss the official capacity claims against Billy Ray Biggs or the claims based on the 14th Amendment, the Court finds that Plaintiff has abandoned these claims.

Plaintiff responded only to Defendants' claim that she failed to state sufficient facts to support her race discrimination claim. In support of her arguments, Plaintiff included facts which support her claim but which are not contained in her original complaint. The Court directs the Plaintiff to file an amended complaint with 20 days of the entry of this order setting forth the

facts which support her race discrimination claims.  Defendants are not precluded from challenging the sufficiency of the amended complaint.

Conclusion

For these reasons, Defendant's motion to dismiss (docket # 5) is DENIED IN PART AND GRANTED IN PART.  The following claims are dismissed:  Plaintiff's age discrimination claims, gender discrimination claims, claims pursuant to the 14th Amendment, and claims against Billy Ray Biggs in his individual or official capacity.

IT IS SO ORDERED this 2nd day of May, 2025.

_____
James M. Moody Jr.
United States District Judge