IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TANYA BROWN**                                                                         **PLAINTIFF**

V.                                       4:24CV001098 JM

**AREA AGENCY ON AGING**
**OF SOUTHEAST ARKANSAS, INC.**                                   **DEFENDANTS**

## ORDER

Pending is Defendant's motion to dismiss. (Docket # 20). Plaintiff has filed a response and Defendant has filed a reply. The motion is ripe for consideration.

On December 13, 2024, Plaintiff Tanya Brown (Plaintiff) filed her Complaint against Defendants Area on Aging and Billy Ray Biggs, asserting claims of race and age discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 et seq. (Title VII); 42 U.S.C. § 1981, the Fourteenth Amendment of the United States Constitution; and 28 U.S.C. § 2201.

On May 2, 2025 the Court entered an order granting in part and denying in part Defendants' first motion to dismiss. The Court dismissed all of Plaintiff's claims except her claim alleging race discrimination and ordered Plaintiff to file an Amended Complaint setting forth additional facts to support that claim. Plaintiff filed her Amended Complaint on May 19, 2025. Defendant now moves to dismiss Plaintiff's race discrimination claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. 544, 555 (2007)).   A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Twombly,* 550 U.S. at 556.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27(1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

Discussion

Defendant claims that Plaintiff's Amended Complaint fails to state facts sufficient to support her race discrimination claim.  Plaintiff argues that her amended complaint states sufficient facts to support her claim.  The Court has reviewed the amended complaint and finds

that it contains sufficient factual matter, accepted as true, to state a plausible claim for race discrimination.

Conclusion

For these reasons, Defendant's motion to dismiss (docket # 20) is DENIED.

IT IS SO ORDERED this 21st day of October, 2025.

_____
James M. Moody Jr.
United States District Judge